NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-169-HRW

RALPH TAYLOR                                                                                PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, *Warden*                                                           RESPONDENT

Ralph Taylor, who is currently incarcerated in the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

*Pro se* petitions are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is Brian Patton, the warden of FCI-Ashland.

CLAIMS

The petitioner alleges that his 1998 federal criminal conviction was obtained in violation of the Fifth Amendment of the United States Constitution.

RELIEF REQUESTED

The petitioner does not specifically state what type of relief he is seeking, but it would appear that he seeks release from custody.

The June 2006 Petition

On June 2, 2006, the petitioner filed a petition for writ of habeas corpus in this Court, being *Ralph Taylor v. John Daniel Tinder*, Ashland Division, 06-CV-90-HRW ("the June 2006 Petition"). In the June 2006 Petition, Taylor filed a "Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(4)" [*See* 06-CV-90, Record No. 1]; and (2) a "Motion to Amend Motion to Vacate Judgment Pursuant to Fed. R. Civ. P. 60(b)(4)" [*Id*., Record No. 2]. The petitioner designated himself in the June 2006 Petition as the "Plaintiff" and John Daniel Tinder, Judge of the United States District Court for Southern District of Indiana, as the "Defendant."

The June 2006 Petition presented the Court with what appeared to be a mixed filing consisting of both habeas claims under 28 U.S.C. §2241 and a construed civil rights claim against Judge Tinder under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Confronted with the hybrid nature of Taylor's filings, the Court was required to analyze the June 2006 Petition carefully in order

to ascertain the exact relief being sought. After review of Taylor's various submissions, the Court entered a "Deficiency Order" on June 15, 2006 [*See* Order, Record No. 4, 06-CV-90]. In the Deficiency Order, the Court determined that Taylor was actually seeking a petition for writ of habeas corpus under §2241 [*Id*.]. The Court characterized the action as such [*Id*.]. [1]

The petitioner failed to either pay the $5.00 fee or to submit the necessary *in forma pauperis* documentation to the Court, as directed in the Deficiency Order. Accordingly, on July 24, 2006, the Court entered an Order and Judgment dismissing the June 2006 Petition without prejudice [Record Nos. 9 and 10]. The petitioner appealed, and that case (06-6034) is currently pending in the Sixth Circuit.

## ALLEGATIONS OF THE PETITION
### 1. Petitioner's Conviction, and Appeal

In 1998, the petitioner was convicted by a jury of drug and money-laundering offenses in the United States District Court for the Southern District of Indiana, Indianapolis Division ("the trial court"). The criminal proceeding was styled *United States v. Ralph Taylor*, 96-132-CR-01-T/F. The petitioner received a 360-month sentence. On appeal, the Seventh Circuit affirmed the petitioner's conviction and sentence. *United States v. Ralph Taylor*, 196 F.3d 854 (7th Cir. 1999).

### 2. Post-Conviction Challenges

The petitioner challenged his conviction and sentence in the trial court on several

---

[1] In the Deficiency Order, the Court ordered Taylor either to pay the $5.00 filing fee or to complete and file the necessary forms in order to proceed *in forma pauperis*. The Court gave Taylor thirty days from the of the date of entry of the Deficiency Order in which to take this action [*Id*., p. 3, ¶ 2].

occasions. On June 18, 2001, the petitioner filed a motion to vacate his sentence under 28 U.S.C. §2255. On November 1, 2002, the trial court entered an order denying the petitioner's §2255 motion and dismissing the proceeding with prejudice.

On May 2, 2006, the petitioner filed a document in which he alluded to the fact that the trial court may have violated the Speedy Trial Act, 18 U.S.C. §3161(h)(8)(B)(iv). The trial court entered an order on May 10, 2006, acknowledging the petitioner's filings on the Speedy Trial Act issue, but rejected the argument on the merits. The trial court reminded the petitioner that he had unsuccessfully raised that claim before the Seventh Circuit in the direct appeal of his conviction and sentence.

On June 8, 2006, the petitioner attempted to revive his dismissed §2255 motion. The trial court's docket entry for that date states as follows: "ENTRY directing treatment of Motion For Relief From Judgment filed on June 5, 2006 under cause no. IP-96-CR-132-01 T/F. The motion shall be processed by the clerk as a new civil action."

On June 9, 2006, the trial court entered a Judgment noting that the new cause of action was dismissed for lack of jurisdiction.[2] On June 15, 2006, the petitioner filed a motion in the trial court asking it to amend or correct its Judgment of June 9, 2006. The trial court entered an Order on July 20, 2006, denying that motion.

## DISCUSSION

In the instant proceeding, the petitioner filed various submissions he had previously filed

---

[2] As noted, the petitioner had already filed the June 2006 Petition in this Court one week earlier, on June 2, 2006.

4

in the trial court [*see* attachments to Petitioner's Memorandum, Record No. 2].³ These attachments document the petitioner's unsuccessful efforts, under various mechanisms in the trial court, to obtain post-conviction relief from his conviction and sentence. ⁴

The petitioner seeks the same result through his filings in the instant §2241 proceeding: he seeks to challenge his underlying conviction and sentence. The petitioner continues to advance the theory that the trial court violated the Speedy Trial Act. Specifically, he argues that when the trial court granted various motions for continuances and continued the trial, it failed to exclude such time periods from calculations under the Speedy Trial Act. The petitioner further claims that the trial court's error in this regard has violated his right to due process of law under the Fifth Amendment as well as Rule 52(b) of the Federal Rules of Criminal Procedure.

Taylor's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion

---

³ The petitioner had also filed some of these same documents as attachments to the June 2006 Petition.

⁴ For instance, the petitioner attached a nine-page order which Judge Tinder entered on January 20, 1998, in the petitioner's criminal case. In that order, Judge Tinder discussed at length and rejected the petitioner's claims that it (the trial court) had violated the Speedy Trial Act. The trial court therefore denied the petitioner's "Motion to Dismiss" his criminal charges [*see* Record No. 2, Attachment No. 2].

under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of Section 2255, however, expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. Taylor asserts that his Section 2255 remedy is inadequate or ineffective to accomplish this, thus invoking Section 2255's savings clause.

Before Taylor's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756. *Charles* requires that a petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness

as a threshold matter. *Id.* at 756. *Charles* establishes that the remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the

statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

Taylor's continued claims in the instant §2241 petition--that the trial court miscalculated times frames under the Speedy Trial Act--is not a claim of "actual innocence." First, as the trial court noted in its May 10, 2006 Order which it entered in the petitioner's criminal case, the Seventh Circuit rejected the petitioner's argument on this issue when it affirmed the petitioner's conviction and sentence.[5] A federal court in a post-conviction proceeding may rely on the factual conclusions given on direct appeal. *Myers v. United States*, 198 F.3d 615, 619 (6th Cir.1999).

Second, Taylor was not convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757. Taylor points to no decision of the Supreme Court handed down after his conviction became final on November 16, 1999. Because his claim is thus not cognizable in a habeas corpus proceeding under Section 2241, *Bousley v. United States*, 523 U.S. 614, 620 (1998), his petition must be denied.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

---

[5] The petitioner also attached this Order to his "Permission to Appeal" filed in the June 2006 Petition, 06-CV-90-HRW, [*See* Record No. 8].

(1)     The §2241 petition for habeas corpus [Record No. 2] is **DENIED**, and this action [06-CV-169-HRW] is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court.

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

(3)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This February 9, 2007.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge